ROWLAND
vs.
PASCAL'S
EXECUTOR.

the petition, and that the plaintiff and appellee pay the costs of this appeal.

ROWLAND vs. PASCAL'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

When there is nothing to show the character of the mandate, with which an attorney is clothed, it will not be presumed that he had authority to receive service of citation.

If a defendant is a resident of the state, and is absent, service of citation is to be made by leaving it at his domicil. If he reside out of the state, a curator ad hoc should be appointed.

This is an action on a promissory note, executed by one Paul Pascal, in the state of Virginia, the 2d of January, 1819, to the plaintiff, for five hundred and thirty-three dollars. Suit was instituted in June, 1836. The plaintiff alleges, that Pascal, in his lifetime, and within five years, immediately before bringing this suit, acknowledged he owed the amount of the note sued on to the petitioner, and that the defendant, as his executor, refuses to pay the same. He, therefore, prays judgment for the amount thereof, with interest.

Citation issued on the petition, and the sheriff made the following return of service: "Served a copy of the petition and citation, on George Strawbridge, Esq. attorney of Thos. Boudar, (the executor,) he being absent from the state."

No answer was filed.

Judgment being taken by default, the plaintiff proved <span style="float:right">EASTERN DIST.</span> the execution of the note, and the rate of interest in Vir- *February*, 1837. ginia, and had the judgment made final. The defendant took an appeal therefrom.,

*Randall,* for the plaintiff.

*Strawbridge, contra.*

*Martin, J.,* delivered the opinion of the court.

The sheriff's return shows, that the citation was served on Strawbridge, the attorney of the defendant, who was absent out of the state. No answer being made, a judgment, by default, was taken, and afterwards confirmed. The defendant appealed.

Nothing shows the character of the mandate, with which the attorney was clothed. It cannot be presumed, that he had authority to receive citations. The defendant is stated to be absent. If he be a resident of the state, the citation should be left at his domicil; if he reside out of the state, the appointment of a curator *ad hoc,* should have been provoked.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and that the petition be dismissed with costs in both courts.

<div style="font-size:smaller">
Where there is nothing to show the character of the mandate, with which an attorney is clothed, it will not be presumed that he had authority to receive service of citation.

If a defendant is resident of the state, and is absent, service of citation is to be made by leaving it at his domicil. If he reside out of the state a curator *ad hoc* should be appointed.
</div>