The opinion of the court was delivered by
Egan, J.
The plaintiffs sue upon a contract of insurance effected through one Behen, acting as agent for that purpose at the town of Monroe, in Ouachita parish. The allegation and proof are that the defendant is a foreign corporation having no domicile in the State, but having a general agency and board of directors in the city of New ■Orleans for the conduct of business of the company in Louisiana. This suit was instituted in the parish of Ouachita by means of citation addressed to and served upon J. E. Behen as agent of the defendant company. He excepted that he had no authority to stand in judgment or represent the absent defendant; and further, that said defendant had a New-Orleans department under the management of Andrew Foster Elliott of said city as general agent and a board of directors, also residing in said city, of which one Urquhart was chairman, and that suit should have been brought there. He also denied his authority to accept or pay losses, and averred that his authority was confined to soliciting insurance, receiving and forwarding applications, collecting and *1187 receipting for premiums, and issuing what are termed binding receipts to hold good for a limited time, subject to the approval of the New-'Orleans department or agency, and to the terms and conditions of the policies of the company, wherefore the court was without jurisdiction. It was admitted on the trial below that Behen had a printed sign stuck up in front of his place of business as agent for the defendant and other insurance companies. It is however shown that the only authority or power conferred upon him was derived from a letter or commission dated New Orleans twenty-fifth of May, 1876, addressed to him at Monroe, La., as follows :
“ Dear Sir — By this present you are duly authorized to receive applications for insurance for this company and to issue the usual binding ■receipt for same until approval by this office.
“ Your obedient servant,
“(Signed) Andrew Foster Elliott,
Recording Secretary.”
Elliott testified in response to interrogatories of plaintiffs that the foregoing was Behen’s commission as agent of the company; that no additional commission had been since issued, and that Behen had no other power than as therein set forth; and no authority to appear in court in any judicial proceedings; that all proofs of loss and applications for the payment of losses in this department are made to the resident secretary and by him submitted to the board, and when approved are paid by the secretary in New Orleans; that the company has a New-Orleans department and general agent for Louisiana, to wit, himself; that he resides in New Orleans ; and is also resident secretary of the company, which is a foreign one, domiciled in England, and from which all the rights and powers of the Louisiana agency are derived, and that the American branch of said company has separate capital under the control of trustees for American policy holders to the extent of over three millions of dollars. He further swears that Behen is furnished with printed forms of application and -receipt, and has no authority to change or erase from them in any way.
It does not appear that Behen ever acted or professed either to the plaintiffs or any one else to have authority in excess of the powers conferred by the before-recited commission, and we do not consider it material for the present inquiry whether he was agent of the company or simply of the New-Orleans department; his powers were the same in •either case. The receipt sued on simply certifies that the insured had effected insurance against loss or damage by fire subject to the conditions of the company’s policies on the property described therein, and that the certificate is binding for thirty days, unless a policy is sooner delivered or notice is given that the risk is declined. And so- far from *1188 indicating that Behen, who signed it, had power to issue policies, as is-usual with general agents, or that he had the powers usually incident to such agencies, the fact of the issuance of the binding receipt (as it is termed) in such form instead of a policy, indicated very clearly that he had no such general powers, but only the limited ones stated in the letter of commission, and that his action was subject to the approval of the New-Orleans department or some other authority not present from whom the policy should emanate, and that the insured must have been and was affected with notice of those facts at the time the receipt was issued. We think the evidence sustains the exception that Behen had no authority to represent the defendant company in any suit or judicial proceeding, either when this suit was brought or at any other-time, and that the district court of Ouachita was without jurisdiction of the defendant company, which if suable otherwise than by attachment, or where it had property by the appointment of an attorney ad' hoc, would seem from the present record to have been so suable only through its agency in the city of New Orleans.
The case of Michael vs. Mutual Insurance Company of Nashville, 10 An. 737, relied upon by the judge a quo and plaintiffs’ counsel, has no application to the facts of the present case. There the exception admitted that the person upon whom citation was served had been agent of the absent company, but averred that he was so no longer. It did not appear that the company had any other agents in Louisiana than Johnson, who had issued the policy, and th'e court held that a foreign insurance company doing business through an agent in New Orleans, and taking risks in Louisiana, can not be permitted to frustrate a claim in a Louisiana court upon a contract made with it by revolting the power of the agent on the eve of the institution of suit for a loss of Which it has been notified, a doctrine which is perfectly correct, as was the decision under the facts of that case. Here, however,' there is no question of the revocation of a power once existing, but a denial of power at any time in-Behen, who alone was cited to represent or stand in judgment for the absent defendant company. The case of Quinn vs. Manhattan Life Insurance Company of New York, 28 An. 135, also cited by the plaintiffs’ counsel, is equally inapplicable. There was no question of jurisdiction ór of authority to defend suit or stand in judgment in the case. On the contrary, although the defendant company had withdrawn its Louisiana agency, and so advertised, and also notified the plaintiff more than a year before the institution of suit, the trial was purely on the merits, and the defendant company appeared by counsel and obtained judgment rejecting the plaintiff’s demand; and in that case the court said there was no law requiring foreign insurance companies taking policies within this State to keep an agency within its borders. We- *1189 think the law is correctly stated by Wood on Eire Insurance in the passage quoted in the brief of plaintiffs’ counsel," that the same rules apply to insurance companies as apply in case of individuals, and a person who is clothed with power to act for them at all is treated as clothed with authority to bind them as to all matters ivithin the scope of his real or .apparent authority, and that third persons are not bound to make inquiry beyond their apparent powers.” Sec. 383, p. 624. This, however, must be taken in connection with and subordination to the positive provisions of our own law, which require that the power to defend a suit shall be express and special. C. 0. 2997-98. Indeed, the principle referred to relates rather to the power to bind the corporation by the acts or contracts of the agent than to the special matter of representing it in judicial proceedings. And in' the present case no act or fact shown can be interpreted into the representation, appearance, or exercise of any other or greater powers in Behen than those conferred by the written commission already quoted, or than as shown by the evidence ■of Elliott and other witnesses.
In Fuselier, Administrator, vs. Robin, 4 An., the doctrine of the Louisiana law in accordance with our Code was announced to be that the power to represent a principal in the defense of actions is not one of administration. Such a power can result only from the express terms of an instrument, or from an implication so clear as to be irresistible. And the absent defendant with foreign domicile had one agent in Pointe 'Coupee who had authority to institute and prosecute suits, and another in New Orleans with power to defend also, and the court held that he ■could only be sued at the domicile of the New-Orleans agent. This case is referred to and the doctrine re-affirmed in Dickson vs. Morgan, 6 An. 562. In De Lizardi et als. vs. Pouverin et als., 4 R., the court said that where the power was a limited one (as in the present case) it can not be extended beyond what is expressed therein. In Rowland vs. Pascal’s Executors, 10 La., 598, it was held that when there is nothing to show the character of the mandate with which an attorney is clothed it loill not be presumed that he had authority to receive service of citation. In Sloan vs. Menard, 5 An. 218, a general authority and public notice to all persons that the agent was authorized to attend to the business of the principal in his absence was held not to authorize the agent to briDg the principal into court as a defendant, and judgments so obtained against him were annulled. In Dawson vs. Landreaux, 29 An. 363, it was held that ■even the admission of an alleged agent that he was authorized to represent a third person in a suit does not prove the agency, and that the ■•authority to represent an absent defendant in a suit must be shown ex-, ipressly or from implication so clear as to be irresistible.
It is, however, needless to multiply authority on 'a point so well s et *1190 tied in Louisiana. We think it probable from the evidence that the absent corporation might have been suable in New Orleans; it certainly was not in Ouachita, under the evidence in this record, otherwise than by an attachment, or, at all events, by the appointment of a curator or attorney acl hoc in case property was found in the parish, which fact does not appear in the present case. Fortunately, henceforward all difficulty-on this subject will be removed by the act of 1877 requiring foreign corporations doing business in this State to establish and make public a-domicile and agency therein for the purposes of suit.
It is therefore ordered, adjudged,, and decreed that the judgment-of the court below be and it is avoided and reversed, and it is now ordered that the exception to the capacity of J. E. Behen to defend this suit and stand in judgment, and to the jurisdiction of the district court of Ouachita be maintained, and that plaintiffs’ suit be dismissed at their-cost in both courts.